UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

_____

THOMAS JOHANSEN,

    Plaintiff,

v.                                                                                                       Civil Action No.: 3:19-CV-268-MPM-RP

ILLINOIS CENTRAL RAILROAD COMPANY

    Defendant.

_____

## COMPLAINT

## NATURE OF ACTION

1.    The plaintiff Thomas Johansen brings this action against the defendant for violations of the Federal Railway Safety Act, 49 U.S.C. Section 20109.

## JURISDICTION

2.    This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. Section 20109(d)(3) (FRSA).

## PARTIES

3.    The Plaintiff is a natural person and citizen of Horn Lake, DeSoto County, Mississippi.

4.    The Defendant Illinois Central Railroad Company is a railroad carrier providing railroad transportation, with a usual place of business in Homewood, Illinois.

## FACTS

5.      During all times herein mentioned, the Defendant Railroad Carrier was engaged in interstate commerce by providing railroad transportation between the states of Illinois and Mississippi.

6.      At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant Railroad as a mechanical supervisor and qualified as an employee within the meaning of 49 U.S.C. Section 20109.

7.      That on August 15, 2017, Thomas Johansen was in the scope and course of his employment engaged in supervision of employees and was working in or around Memphis, TN.

8.      That on or about August 15, 2017, Mr. Johansen reported a hazardous safety condition to the Department of Labor - OSHA regarding excessive bird fecal matter in areas of regular use by Illinois Central employees. The OSHA employee in charge of the report was Michelle Sotak.

9.      That the OSHA officer in receipt of the report immediately notified Illinois Central as to the hazardous safety condition.

10.     That for several months prior to August 15, 2017, Mr. Johansen had been reporting to his supervisors the unsafe conditions in the shop stemming from bird feces covering the surfaces of work areas, tools, and even the eyewash station.

11.     That Mr. Johansen had informed Illinois Central management employees that he was going to report the hazardous safety conditions to OSHA if they were not remedied in a timely fashion.

12. That on the morning of August 16, 2017, Thomas Johansen received a phone call from his supervisors in which they terminated him for allegedly failing to perform his duties.

13. That Mr. Johansen's supervisor, Art Mayo, signed a letter which CNIC dated for August 14, 2017 in which he dismissed Complainant from his employment with CNIC "effective immediately".

14. That Complainant worked his normal shift on August 14, 2017 without being confronted by any such dismissal.

15. That Mr. Johansen's managers, Art Mayo and William Owensby, were both present on August 14, 2017 and were aware that Complainant was working that day.

16. That if Complainant's managers intended to dismiss him on August 14, 2017, he would not have been allowed on the property.

17. That the termination of Mr. Johansen was pretextual in nature and was retaliatory for his good faith report of a safety condition to his managers and the Department of Labor – OSHA.

18. As a result of Illinois Central's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## **FRSA CAUSE OF ACTION**

19. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth under this cause of action.

20. The plaintiff engaged in protected activity under the FRSA when he reported hazardous safety and health conditions to his managers and supervisors throughout the first half of 2017 and when he called and reported hazardous safety and health conditions to OSHA on August 15, 2017.

21. The defendant Railroad had knowledge of all the protected activities referenced above.

22. The defendant Railroad took adverse or unfavorable actions against the plaintiff in whole or in part due to his protected activities when it fired Plaintiff from his management job on August 16, 2017. In so doing, defendant Railroad acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

23. On December 29, 2017, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Region IV OSHA Whistleblower Office. That was within 180 days from the date the plaintiff became aware of the defendant Railroad's intent to take adverse or unfavorable personnel action against him.

24. The Region IV OSHA Whistleblower Office investigated the complaint and issued a ruling dismissing the complaint on April 5, 2019.

25. The plaintiff filed objections to the Secretary's Findings and requested a hearing before an Administrative Law Judge on April 23, 2019.

26. The Administrative Law Judge issued an order granting Defendant Railroad's motion for summary decision on October 17, 2019.

27. The plaintiff filed a Petition for Review with the Administrative Review Board on October 31, 2019.

28. A final ruling has not been issued to date.

29. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. Section 20109(d)(3).

30. Pursuant to FRSA 49 U.S.C. 20109(d)(3), the plaintiff now is bringing this original action at law and equity for de novo review by the United States District Court of the Northern District of Mississippi, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report hazardous health and safety violations without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

1. Expungement of all references to disciplinary action taken by Defendant Railroad;

2. Reinstatement to Plaintiff's previous position at the time of his termination on August 16, 2017;

3. Lost benefits with interest;

4. Lost wages with interest;

5. Compensatory damages for medical expenses incurred due to defendant's conduct;

  6. Compensatory damages for economic losses due to defendant's conduct;

  7. Compensatory damages for mental anguish and emotional distress due to defendant's conduct;

  8. The statutory maximum of punitive damages; and

  9. Special damages for all litigation costs including expert witness fees and attorney fees.

<u>PLAINTIFF DEMANDS TRIAL BY JURY.</u>

    By his attorneys,
    LAW OFFICE OF H. CHRIS CHRISTY, PA
    Main Office
    201 W. Broadway, Ste. G12
    North Little Rock, AR 72114

    By<u>/s/ C. E. Sorey, II</u>
     C. E. Sorey, II
     1000 Highland Colony Parkway, Ste. 5203
     Ridgeland, MS 39157
     eddysorey@gmail.com
     601-341-6929